STATE OF CONNECTICUT *v.* AFSCME, COUNCIL 4, LOCAL 1565
(AC 16958)

O'Connell, C. J., and Schaller and Daly, Js.

Argued February 17—officially released June 9, 1998

*Jason W. Cohen*, with whom, on the brief, was *J. William Gagne, Jr.*, for the appellant (defendant).

*Thomas P. Clifford III*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Charles A. Overend*, assistant attorney general, for the appellee (plaintiff).

*Opinion*

O'CONNELL, C. J. This is an appeal from the trial court's judgment vacating an arbitration award issued pursuant to a collective bargaining agreement between the state and AFSCME, Local 1565 of Council 4 (union). The union claims that the trial court improperly concluded that (1) the arbitrator's award was not mutual, final and definite and (2) it did not have authority to remand the case for rehearing because it applied the incorrect time limit to the case. We affirm the judgment of the trial court as to the union's first claim and reverse the judgment of the trial court as to the union's second claim.

The following facts are necessary for disposition of this appeal. Michele Lee, a union member, is a correctional officer who was discharged for excessive unauthorized absences while stationed at the Northeastern Community Correctional Center at Storrs. Through the union, she grieved her discharge on the ground that her unauthorized absences from work were justified because they were due to depression caused by sexual harassment on the job.

Following a denial of the grievance at its earlier stages, the union filed for arbitration with the state board of mediation and arbitration, as required by its collective bargaining agreement. The relevant portion of the submission for arbitration was: "Was the termination of Michele Lee for just cause? If not, what shall be the remedy, consistent with the terms of the NP-4 contract?"

The hearing concluded on June 2, 1995, and briefs were filed on July 14, 1995. The arbitrator issued the following award on August 11, 1995: "There was not just cause for the dismissal of the grievant. The grievant shall be reinstated to a position at Niantic [Correctional Center] or another facility agreeable to the grievant and to the union. Jurisdiction shall be retained [for] sixty days to resolve any issues related to the remedy."

The state filed an application with the trial court to vacate the award on September 1, 1995, which was heard on September 17, 1996. On February 13, 1997, the court rendered judgment vacating the award because it found that the award failed to fix definitively the rights of the parties. The trial court further held that because the award was not final, definite and mutual, thirty days after the hearing concluded on July 14, 1995, as required by General Statutes § 52-416, the award could not be said to be timely on the date that the court rendered judgment. Accordingly, the court concluded that it lacked authority pursuant to General Statutes § 52-418 (b) to remand the case for rehearing. The union timely appealed to this court.

I

The union first contends that the trial court improperly vacated the arbitrator's award under § 52-418 (a) (4) on the ground that the award was not mutual, final and definite. This presents a question of law that we review de novo. *Squeglia* v. *Squeglia*, 234 Conn. 259,

263, 661 A.2d 1007 (1995). "Every reasonable presumption and intendment will be made in favor of the award and of the arbitrator's acts and proceedings." *Bic Pen Corp.* v. *Local No. 134*, 183 Conn. 579, 585, 440 A.2d 774 (1981).

Section 52-418 (a) provides in relevant part: "Upon the application of any party to an arbitration, the superior court . . . or . . . any judge thereof, shall make an order vacating the award if it finds any of the following defects . . . (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." Additionally, "an award must be final as to the matters submitted so that the rights and obligations of the parties may be definitively fixed." *Local 63 Textile Workers Union* v. *Cheney Bros.*, 141 Conn. 606, 617, 109 A.2d 240 (1954), cert. denied, 348 U.S. 959, 75 S. Ct. 449, 99 L. Ed. 748 (1955). "It necessarily follows that an award must conform to the submission. . . . Ordinarily, an award which does not respond to the submission cannot be upheld. . . . It is void to the extent to which it is outside the submission." Id., 613.

The trial court held that the arbitrator's award required all parties to agree on the placement of the grievant, thereby rendering the award indefinite. The union contends, however, that the award *orders* the state to place the grievant at Niantic Correctional Center (Niantic), but gives the state the election to choose a facility other than Niantic. If the state exercises this election, the union and the grievant must agree on the facility. The union argues that because the state is the only party permitted to select a facility other than Niantic, and because the award is satisfied if the state chooses Niantic, the award does not promote further litigation and is, therefore, definite. We are not persuaded.

The language of the award orders the grievant to be placed at *either* Niantic *or* an alternate facility that would be agreeable to all parties. Because the award does not specify an exact location for placement, it is indefinite. If we assume, arguendo, that the union's interpretation of the award is correct, there remains a possibility that the grievant will be placed at a facility other than Niantic and that she will not agree to such placement. Once again, because placement has yet to be determined, further litigation continues to be a possibility, and, thus, the award cannot be said to fix definitively the rights and obligations of the parties.

This is further emphasized by the fact that the arbitrator herself retained jurisdiction over the case for sixty days "to resolve any issues related to the remedy." Thus, this portion of the award did not conform to the submission, which required that the arbitrator provide a specific remedy upon a finding that the grievant was terminated without just cause. See id., 613.

Because the remedy remained open to negotiation at the time the award was rendered, and because the award left a specific remedy to the predilection of one of the parties, it was not definite and the trial court properly vacated the award.

II

The union next claims that the trial court improperly concluded that it did not have the authority pursuant to § 52-418 (b)[1] to remand the case to the arbitrator for rehearing. Specifically, the union contends that the timeliness of the award should have been analyzed

[1] General Statutes § 52-418 (b) provides in relevant part: "If an award is vacated and the time within which the award is required to be rendered has not expired, the court or judge may direct a rehearing by the arbitrators. . . ."

under General Statutes § 31-98[2] rather than under § 52-416.[3] The union argues that if the timeliness of the award was properly analyzed pursuant to § 31-98, the trial court would have had the authority to remand the case for rehearing because the time within which the award was to be rendered had not yet expired. We agree.

"The language of [§ 52-418 (b)] clearly invokes the [trial] court's discretion in such matters. . . . We will not interfere with the discretion of the trial court unless that discretion is clearly abused." (Citations omitted.) *Hartford* v. *Local 760*, 6 Conn. App. 11, 15, 502 A.2d 429 (1986).

Section 31-98 provides exclusively "for the submission of grievances and disputes between an employer and his employees to a board of mediation and arbitration. . . . [It has been] held that the [fifteen day] time limitation in [§ 31-98] is directory and not mandatory. . . . Consequently, if [§ 31-98] is applicable, there is no statutory limitation of time the nonobservance of which renders the award voidable." (Citation omitted.) *Danbury Rubber Co.* v. *Local 402*, 145 Conn. 53, 55–56, 138 A.2d 783 (1958). "In the absence of a mandatory time

[2] General Statutes § 31-98 provides in relevant part: "The panel, or its single member if sitting in accordance with section 31-93, may, in its discretion and with the consent of the parties, issue an oral decision immediately upon conclusion of the proceedings. If the decision is to be in writing, it shall be signed, within fifteen days, by a majority of the members of the panel or by the single member so sitting, and the decision shall state such details as will clearly show the nature of the decision and the points disposed of by the panel. . . ."

[3] General Statutes § 52-416 provides in relevant part: "(a) If the time within which an award is rendered has not been fixed in the arbitration agreement, the arbitrator . . . shall render the award within thirty days from the date the hearing or hearings are completed, or, if the parties are to submit additional material after the hearing or hearings, thirty days from the date fixed by the arbitrator or arbitrators or umpire for the receipt of the material. An award made after that time shall have no legal effect unless the parties expressly extend the time in which the award may be made by an extension or ratification in writing."

limitation, an award of arbitrators may be made within a reasonable time. . . . What is a reasonable time is a question of fact upon the circumstances of a particular case." (Citations omitted.) Id., 59; see also *AFSCME* v. *New Britain*, 206 Conn. 465, 468, 538 A.2d 1022 (1988); *South Windsor* v. *South Windsor Police Union*, 41 Conn. App. 649, 653, 677 A.2d 464 (1996); see *West Rock Lodge No. 2120, International Assn. of Machinists & Aerospace Workers* v. *Geometric Tool Co.*, 406 F.2d 284, 285 (2d Cir. 1968) (in Connecticut, time period for arbitration awards arising from labor disputes is fifteen day directory period and not thirty day mandatory time limitation for general arbitration awards set out in § 52-416).

In the present case, the labor dispute between Lee and her employer was heard by the state board of mediation and arbitration. Accordingly, § 31-98 applies rather than § 52-416 (a), and the fifteen day directory time limitation was triggered upon the conclusion of the hearings on July 14, 1995. The arbitrator was merely required to render an award within a reasonable time. On August 11, 1995, the arbitrator issued her award. On September 1, 1995, the state filed an application to vacate the award, which the trial court granted on February 13, 1997. In vacating the award, the trial court improperly applied § 52-416 and held that the award had been timely rendered by the arbitrator. It went on to conclude, however, that "[t]he problem is it was not a final, definite and mutual award on August 11, 1995 and thus now, some fourteen months later, it cannot be timely."

In *Middletown* v. *Police Local, No. 1361*, 187 Conn. 228, 445 A.2d 322 (1982), a Middletown police officer had been discharged from employment after directing ethnic slurs toward the band members at a policemen's ball. After a panel of the mediation board ordered his reinstatement, the city of Middletown brought an application to vacate the award. The trial court vacated the

award and remanded the case to a second panel of arbitrators for rehearing. The city appealed, claiming that the court did not have jurisdiction to order a rehearing and that the time within which to order a rehearing had expired.

Our Supreme Court held that § 31-98 applied and stated that the "only limit is that the award be rendered within a reasonable time. . . . In [*Middletown*] the original award was rendered May 9, 1978 and the judgment vacating it was rendered October 11, 1979. The trial took place over a year after the arbitration award upon the plaintiff's application to vacate. Neither party claimed prejudice because of the delay until this appeal. . . . Under these circumstances, we cannot agree that the reasonable time for rendering an award had expired before the judgment was rendered." (Citations omitted.) Id., 231–32.

In the present case, the parties were diligent in their respective efforts to request that the arbitrator's award be vacated and to appeal such an order. Although it took fourteen months before the trial court rendered judgment, such delay was through no fault of the parties, and neither claimed resulting prejudice. Moreover, it cannot be said that the language of § 52-418 (b), when read together with § 31-98, anticipates that an application to vacate be filed, heard, decided and then appealed within a time period shorter than the time that it takes for the case to progress through the judicial process, as long as the parties act diligently and are not prejudiced by the delay.

Under the circumstances of this case, we construe the term "reasonable time" necessarily to include the entire appeal process, and, therefore, we conclude that the time within which an award is required to be rendered has not yet expired.[4] The trial court improperly

---

[4] Even if the time within which the award was required to be rendered had expired, the employee would not have been without recourse. In *Aetna*

concluded that it lacked the statutory authority to direct the case for rehearing. We hold that the court did, in fact, have such authority.

The judgment vacating the arbitrator's award is affirmed and the case is remanded for the trial court to exercise its discretion in determining whether the case should be remanded to the arbitrator for rehearing.[5]

In this opinion the other judges concurred.

---

*Life & Casualty Co.* v. *Bulaong,* 218 Conn. 51, 64, 588 A.2d 138 (1991), our Supreme Court held that issues not decided by the arbitrators remain to be decided in a second arbitration proceeding. In fact, the *Bulaong* court stated that "General Statutes § 52-418 (b) governs the circumstances under which the court, upon vacating an award pursuant to § 52-418 (a), may order a rehearing by the same arbitrators." Id., 64 n.11. When the time has long since passed, however, "[t]he court is confined . . . to vacating the award pursuant to § 52-418 (a), and the plaintiff is left with the option of initiating a second arbitration proceeding." Id.

[5] In this case, a rehearing does not require the taking of additional evidence. The arbitrator need only enter an award that is final.