### STATE OF CONNECTICUT *v.* AFSCME, COUNCIL 4, LOCAL 1565
### (SC 15974)

Borden, Berdon, Norcott, Katz and McDonald, Js.

Argued March 17—officially released July 6, 1999

*Thomas P. Clifford III*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Charles A. Overend*, assistant attorney general, for the appellant (plaintiff).

*Jason W. Cohen*, with whom, on the brief, was *J. William Gagne, Jr.*, for the appellee (defendant).

*Opinion*

MCDONALD, J. The issue certified for appeal is: "Did the Appellate Court properly conclude, under the circumstances of this case, that when an arbitration award is vacated for lack of mutuality, finality and definiteness, under General Statutes [Rev. to 1997] § 52-418 (a) (4), the matter may be referred back to the original arbitrator for the rendering of a definite award, without the necessity of additional evidence, rather than being referred to a new arbitrator for a new hearing?" *State v. AFSCME, Council 4, Local 1565*, 246 Conn. 903,

719 A.2d 1167 (1998). We answer the question in the affirmative and, therefore, affirm the judgment of the Appellate Court.

The following facts were set forth by the Appellate Court and are relevant to the disposition of this appeal. "Michele Lee, a union member, is a [correction] officer who was discharged for excessive unauthorized absences while stationed at the Northeastern Community Correctional Center at Storrs. Through the union, she grieved her discharge on the ground that her unauthorized absences from work were justified because they were due to depression caused by sexual harassment on the job.

"Following a denial of the grievance at its earlier stages, the union filed for arbitration with the state board of mediation and arbitration, as required by its collective bargaining agreement. The relevant portion of the submission for arbitration was: 'Was the termination of Michele Lee for just cause? If not, what shall be the remedy, consistent with the terms of the NP-4 contract?'

"The hearing concluded on June 2, 1995, and briefs were filed on July 14, 1995. The arbitrator issued the following award on August 11, 1995: 'There was not just cause for the dismissal of the grievant. The grievant shall be reinstated to a position at Niantic [Correctional Center] or another facility agreeable to the grievant and to the union. Jurisdiction shall be retained [for] sixty days to resolve any issues related to the remedy.'

"The state filed an application with the trial court to vacate the award . . . [and] the court rendered judgment [in 1997] vacating the award because it found that the award failed to fix definitively the rights of the parties. The trial court further held that because the award was not final, definite and mutual, thirty days after the hearing concluded on July 14, 1995, as required

by General Statutes § 52-416, the award could not be said to be timely on the date that the court rendered judgment. Accordingly, the court concluded that it lacked authority pursuant to General Statutes § 52-418 (b) to remand the case for rehearing." *State* v. *AFSCME, Council 4, Local 1565*, 49 Conn. App. 33, 34–35, 713 A.2d 869 (1998).

The union appealed to the Appellate Court, which held that the trial court had properly vacated the award. Id., 37. The Appellate Court also determined that "[t]he trial court improperly concluded that it lacked the statutory authority to direct the case for rehearing." Id., 40–41. The Appellate Court remanded the case "for the trial court to exercise its discretion in determining whether the case should be remanded to the arbitrator for rehearing." Id., 41. The state sought to appeal to this court, and we granted certification to appeal limited to the issue set forth at the beginning of this opinion. This appeal followed.

When the trial court granted the state's application to vacate the arbitration award in February, 1997, General Statutes (Rev. to 1997) § 52-418 (b)[1] provided that, "[i]f an award is vacated and the time within which the award is required to be rendered has not expired, the court or judge may direct a rehearing by the arbitrators." The Appellate Court determined that the time period had not expired and that § 52-418 (b) applied. The state sought certification to appeal the issue of whether the time within which the award must have been rendered had expired. We did not grant certification as to that issue.[2] We begin, therefore, by analyzing

---

[1] Hereinafter, except as otherwise provided, all references to § 52-418 (b) are to the 1997 revision.

[2] The state's petition for certification presented two questions. First, "[d]id the Appellate Court err in holding that the term 'reasonable time' for purposes of a timely state board of mediation and arbitration award, issued pursuant to [General Statutes] § 31-98, includes the entire appeal process?" Second, "[d]id the Appellate Court err in holding that a rehearing following a vacatur of an arbitration award, pursuant to . . . § 52-418 (b), does not

the trial court's power to order a "rehearing by the arbitrators." General Statutes § 52-418 (b).

The state argues that, under the circumstances of this case, § 52-418 (b) requires a de novo hearing before a new arbitrator. In the absence of such a hearing, it argues, only a modification of the remedy portion of the award, rather than a rehearing, would result with the original arbitrator. Alternatively, the state argues that the question whether the original arbitrator or a new arbitrator conducts the rehearing should be left to the sound discretion of the trial court.

The union responds that § 52-418 (b) mandates a rehearing by the original arbitrator when the time within which to render an award has not expired, and permits the trial court to define only the scope of the rehearing. The union argues that the statute mandates that the rehearing take place before "the arbitrators," and does not allow for a new arbitrator or a new panel of arbitrators.

To resolve this issue, we must construe the meaning of § 52-418 (b). "Statutory construction is a question of law and therefore our review is plenary. . . . [O]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Internal quotation marks omitted.) *Alvarado* v. *Black*, 248 Conn. 409, 414–15, 728 A.2d 500 (1999). "We have held that in ascertaining legislative intent, a statute is to be considered as a whole, with a view toward reconciling its

---

require a *de novo* arbitration proceeding before a new and independent arbitrator?" (Emphasis in original.)

separate parts in order to render an overall reasonable interpretation . . . ." (Internal quotation marks omitted.) *Butler* v. *Hartford Technical Institute, Inc.*, 243 Conn. 454, 461, 704 A.2d 222 (1997).

The plain language of the statute does not mandate a rehearing before the original arbitrator when an award is vacated and the time within which to render an award has not expired. Section 52-418 (b) provides that "the court or judge may direct a rehearing by the arbitrators." In the context of this statute, the use of the word "may" leads us to conclude that such a rehearing is within the discretion of the trial court. See, e.g., *State* v. *Dobson*, 221 Conn. 128, 140, 602 A.2d 977 (1992); *A. Dubreuil & Sons, Inc.* v. *Lisbon*, 215 Conn. 604, 611, 577 A.2d 709 (1990); *Fritz* v. *Madow*, 179 Conn. 269, 272, 426 A.2d 268 (1979). A reading of the entire statute and its purpose also leads to the conclusion that, although it is within the discretion of the trial court to decide whether to submit the issues to the initial arbitrator, the court may also refer the matter to a new arbitrator. Indeed, many of the defects resulting in a vacated award require a hearing before a new arbitrator if the injured party is to obtain meaningful relief. Corruption, partiality or bias on the part of the original arbitrator would, by any common sense reading of the statute, require a hearing before a new arbitrator.[3] More-

---

[3] General Statutes (Rev. to 1997) § 52-418 (a) provides: "Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when the court is not in session, any judge thereof, shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

over, the text of a recent amendment to § 52-418 (b); see Public Acts 1997, No. 97-134; which mandates a rehearing, notwithstanding the time within which the award is vacated, if any issue is in dispute,[4] omits the language "rehearing by the arbitrators" for such a rehearing, thus reinforcing our conclusion that a rehearing by the original arbitrator is discretionary in cases in which the time to render an award has not expired.

The state also argues that the legislative policy embodied in General Statutes § 51-183c, which prohibits a judge who tries or presides over a case in which a new trial is granted from retrying the case or presiding over the retrial, should apply to arbitration proceedings. The simple answer is that § 51-183c, by its plain terms, applies only to judges. No similar provision has been enacted to apply to arbitrators.

Moreover, the legislature passed the 1997 amendment to § 52-418 (b) well after our decision in *Aetna Life & Casualty Co.* v. *Bulaong*, 218 Conn. 51, 588 A.2d 138 (1991), in which we recognized that a timely rehearing before the original arbitrator is permissible. In *Bulaong*, we stated that § 52-418 (b) "governs the circumstances under which the court, upon vacating an award pursuant to § 52-418 (a), may order a rehearing by the *same* arbitrators. Section 52-418 (b) provides: 'If an award is vacated and the time within which the award is required to be rendered has not expired, the court or judge may direct a rehearing by the arbitrators.' . . . Presumably, that time has long since passed . . . . The court is

---

[4] Since its amendment in 1997, § 52-418 (b) provides: "If an award is vacated and the time within which the award is required to be rendered has not expired, the court or judge may direct a rehearing by the arbitrators. Notwithstanding the time within which the award is required to be rendered, if an award issued pursuant to a grievance taken under a collective bargaining agreement is vacated the court or judge shall direct a rehearing unless either party affirmatively pleads and the court or judge determines that there is no issue in dispute." General Statutes (Rev. to 1999) § 52-418 (b).

confined, therefore, to vacating the award pursuant to § 52-418 (a), and the plaintiff is left with the option of initiating a second arbitration proceeding. Of course, the parties may agree, with the concurrence of the initial arbitrators, to conduct the second proceeding before the initial arbitrators." (Emphasis added.) Id., 64 n.11. The 1997 amendment, by not requiring the initiation of a second arbitration proceeding after the award time had elapsed, could be read to acknowledge the existence of our decision in *Bulaong*. The 1997 amendment left intact the language of § 52-418 (b) permitting a timely rehearing "by the arbitrators." "Where this court interprets a statute and the legislature fails to take action to change that interpretation, it raises the presumption that the legislature has acquiesced in that interpretation. *Ralston Purina Co.* v. *Board of Tax Review*, 203 Conn. 425, 439, 525 A.2d 91 (1987); 2A J. Sutherland, Statutory Construction (4th Ed. Sands 1984 Rev.) § 45.10. . . . The legislature is presumed to be aware of the interpretation that courts have placed on existing legislation and of the implications that we will draw from its inaction. *Scheyd* v. *Bezrucik*, 205 Conn. 495, 506, 535 A.2d 793 (1987)." (Internal quotation marks omitted.) *Habetz* v. *Condon*, 224 Conn. 231, 239 n.12, 618 A.2d 501 (1992).

We also reject the union's argument that a rehearing must always be held before the original arbitrator. We read *Bulaong* and *Chmielewski* v. *Aetna Casualty & Surety Co.*, 218 Conn. 646, 591 A.2d 101 (1991), as recognizing that § 52-418 (b) prohibits a rehearing before the initial or original arbitrator after the time to render an award has passed. In *Chmielewski*, we held that, because "the time within which the original award was required to [have been] rendered had long [since] expired . . . [a]bsent an agreement of the parties, the specific terms of § 52-418 (b) prohibited the court from remanding the case to the original panel of arbitrators,

and any issues not decided by that panel will necessarily have to be decided by a new panel. See *Aetna Life & Casualty Co.* v. *Bulaong*, [supra, 218 Conn. 64]." *Chmielewski* v. *Aetna Casualty & Surety Co.*, supra, 680. Neither *Bulaong* nor *Chmielewski* held that a rehearing before the original arbitrator, which might have been ordered if the time within which to render an award had not elapsed, was mandated by § 52-418 (b).

We, therefore, conclude that the trial court may, in its discretion, determine whether, in this case, a rehearing shall be held before the original or a new arbitrator. There may be circumstances in which the trial court might recognize the potential for a conflict if the rehearing were to take place before the original arbitrator, even in cases in which no additional evidence may be required. The exercise of sound discretion by the trial court gives the party seeking to vacate the award meaningful and complete relief. Our resolution of this issue leaves the trial court with the power to effect fully the purposes of § 52-418.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.