[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON CROSS APPLICATIONS TO VACATE AND CONFIRM ARBITRATION AWARD
The plaintiff, Rocky Hill Teacher's Association, and the defendant, Rocky Hill Board of Education (defendant or Board), entered into a collective bargaining agreement (CBA) effective from July 1, 2000 through June 30, 2003, a provision of which required arbitration of contractual disputes. The plaintiff filed a grievance concerning disputed dental premiums. The arbitrator resolved the grievance by written decision dated July 6, 2001.
The issue submitted to arbitration was as follows: "Did the Board violate the contract when it included the dental premium costs in its calculation of premium cost share dollar amounts as provided for in Article XXXI, Section F? If so, what shall the remedy be?"
The arbitrator found the following facts. During negotiations for the present CBA, the parties reached a compromise and voluntary settlement on the issue of teacher contributions toward medical benefits. The agreement reached required the teachers to pay a percentage of the cost of medical benefits based on the premium cost in the 2000-2001 contract year. The different medical plans required the participants to pay premiums varying from 6 percent to 11 percent. The agreement also required the calculated percentage amounts to be converted to a flat dollar amount to remain unchanged for the remainder of the year. Although the parties never had any negotiations with respect to dental costs, the defendant included dental costs in calculating the fiat dollar amount. In other words, the dental premiums paid by the participants for a uniform dental plan varied according to which medical plan they chose.
Before the arbitrator, the plaintiff argued that the inclusion of the dental premiums in the calculation of premium charges to the teachers violated the CBA because the issue of dental costs was never discussed. The defendant argued that the language of Article XXXI of the CBA is unambiguous and establishes that the dental costs were to be included when calculating the premium to be paid by the teachers. Specifically, the defendant argued "that Article XXXI, Section A states that the Board will provide basic medical insurance subject to the payment of the premium contribution set out in Section F. Section B states that the Board CT Page 14683 will provide dental coverage subject to the payment of premium contributions set out in Section F. Section F states that `to receive health and medical insurance benefits set forth in Section A and Section B . . . the employee shall annually contribute the following [amount] for such benefits.'" (Arbitrator's Decision, p. 10.)
The arbitrator found that provisions of the CBA at issue were ambiguous; that reference to past practice was required to illuminate the agreement; and that there was no meeting of the minds on the issue of dental costs. The arbitrator then held: "Therefore, I order the parties to negotiate the issue of whether to include the dental costs within the formula to determine teacher contributions toward medical/health premiums. In the event that said negotiations do not result in an agreement between the parties within thirty (30 days), I order the parties to submit this issue to binding arbitration under the Teachers Negotiation Act. . . . I further order that the current contributions of the teachers toward the dental insurance premiums shall remain until a final resolution of this matter, either through negotiations or binding arbitration." (Arbitrator's Decision, p. 19.)
On July 24, 2001, the plaintiff filed an application to vacate an arbitration award pursuant to General Statutes § 52-418 (a) (4)[1]. On September 5, 2001, the defendant filed its answer and counter application to confirm the arbitration award. On October 2, 2001, this court heard argument on the motions to vacate and confirm and, on the same day, entered an oral decision confirming arbitration award stating the reasons for the confirmation on the record. This court subsequently decided to issue this written memorandum of decision.
"The scope of judicial review of arbitration awards is very narrow. Our courts favor arbitration as a means of settling differences and uphold the finality of arbitration awards except where an award clearly falls within the proscriptions of § 52-418 of the General Statutes . . . Subsection (a)(4) of General Statutes § 52-418, the subsection under which the [defendant] pursues its claims of error, provides in part that an award is invalid if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. Generally, any challenge to an award pursuant to General Statutes [§ 52-418 (a)(4)] on the ground that the arbitrators exceeded or imperfectly performed their powers is properly limited to a comparison of the award with the submission. . . . If the award conforms to the submission, the arbitrators have not exceeded their powers." Exley v. Connecticut Yankee Greyhound Racing,59 Conn. App. 224, 228, 755 A.2d 990, cert. denied, 254 Conn. 939,761 A.2d 763 (2000). CT Page 14684
The plaintiff argues in support of its motion to vacate the arbitration award that the award is not final and definite. The plaintiff contends that an award of this type is invalid because it violates § 52-418
and the appellate court decisions in State v. AFSCME, Council 4, Local1565, 49 Conn. App. 33 (1998), aff'd, 249 Conn. 474 (1999). The defendant argues that the award conforms to the submission because the award answers the precise question submitted to the arbitrator. Furthermore, the defendant argues that since there was no restriction placed on the remedy the arbitrator could fashion, the actual remedy was entirely appropriate.
In State v. AFSCME, Council 4, Local 1565, supra, 49 Conn. App. 33, a female corrections officer was discharged on the ground of excessive absences from work. The officer grieved her discharge claiming that the absences were the result of sexual harassment on the job. The grievance subsequently went before state board of mediation and arbitration and a decision in favor of the corrections officer issued. The arbitrator stated therein that "[t]here was not just cause for the dismissal of the grievant. The grievant shall be reinstated to a position at Niantic [Correctional Center] or another facility agreeable to the grievant and to the union. Jurisdiction shall be retained [for] sixty days to resolve any issues related to the remedy." (Internal quotation marks omitted.) Id., 35.
The union appealed in part on the ground that the arbitrator's award was not mutual, final and definite. The trial court accepted the union's argument and vacated the award because it "failed to fix definitively the rights of the parties." Id. In affirming that part of the trial court's decision, the Appellate Court held that the "[t]he language of the award orders the Grievant to be placed at either Niantic or an alternative facility that will be agreeable to all parties. Because the award does not specify an exact location for placement, it is indefinite. . . . Once again, because placement has yet to be determined, further litigation continues to be a possibility, and, thus, the award cannot be said to fix definitely the rights and obligations of the parties." (Emphasis in original.) Id., 37.
The court is not persuaded that State v. AFSCME, Council 4, Local1565, supra, 49 Conn. App. 33 is on all fours with the present action. The court notes that the most obvious difference between the present action and AFSCME is that the arbitrator in AFSCME retained jurisdiction expressly to resolve outstanding issues regarding the remedy fashioned. Id., 35. In the present action the arbitrator did not retain jurisdiction. The most important factor distinguishing AFSCME from the present case, however, is the nature of the remedy. In AFSCME, the remedy was the arbitrator's attempt to resolve in what location the plaintiff CT Page 14685 would be reinstated. Because the remedy did not fix the location to where the plaintiff was to be reinstated, there was the potential for future litigation of the issue. Although there are references to dental costs in the CBA, the issue of those costs was never negotiated. If the arbitrator were permitted to fill the gap with respect to dental costs in the present case, the parties would be before the court seeking to vacate the award on the basis that the arbitrator exceeded the authority granted to him by the submission.
The court finds that the arbitrator's award in the present case is a mutual, final and definite award. It instructs the parties to engage in negotiations to resolve the dispute over the dental costs. In the event that the parties cannot resolve the dispute between themselves, the arbitration award requires the parties to submit the issue to binding arbitration. There is nothing indefinite about the award. The award conforms to the parties' submission. Accordingly, the motion to vacate the arbitration award is denied. Furthermore, for the same reasons that the motion to vacate is denied, the motion to confirm is granted.
It is so ordered.
By the Court,
Hennessey, J.