# BRIDGEPORT CITY SUPERVISORS' ASSOCIATION *v.*
## CITY OF BRIDGEPORT
### (AC 28466)

McLachlan, Gruendel and Beach, Js.

Argued April 17—officially released August 12, 2008

*Thomas J. Weihing,* with whom, on the brief, were *John T. Bochanis* and *Janice L. Rosenfeld,* for the appellant (plaintiff).

*John P. Bohannon, Jr.,* for the appellee (defendant).

McLACHLAN, J. The plaintiff, the Bridgeport City Supervisors' Association, appeals from the judgment of the trial court denying its application to confirm an arbitration award. On appeal, the plaintiff claims that the court improperly (1) concluded that the award of the arbitrator exceeded the scope of the submission because it awarded the grievant, Bonnie Nichols, rights under the collective bargaining agreement of a bargaining unit that was not a party to the arbitration, (2) concluded that the award was not mutual, final and definite, and (3) vacated the award in its entirety. We affirm the judgment of the trial court.

The arbitrator found the following facts. The plaintiff union and the defendant, the city of Bridgeport, are parties to a collective bargaining agreement that provides grievance procedures and permits the arbitration of disputes. The plaintiff filed three grievances on behalf of Nichols, its member, in June, 2001, and June, 2002. Those grievances alleged, inter alia, that the defendant improperly transferred Nichols to a different position in 2001 without completing the requisite paperwork, retaliated against her because she had cooperated in a federal investigation into alleged corruption in the Bridgeport mayor's office and denied her request for a transfer when the city council adopted a budget eliminating her position in 2002.

As background, Nichols commenced her employment with the defendant in January, 1995. She was hired as a community planner in the office of policy and economic development, a position affiliated with the Laborers International Union of North America (LIUNA). In July, 1997, Nichols was appointed special project coordinator, a position also covered by the LIUNA collective bargaining agreement. In July, 1999, Nichols was

appointed to the position of assistant director of mayoral initiatives. The new position was part of Bridgeport's "Clean and Green Initiative," which was funded through the budget of the public facilities department. At that point, Nichols was covered by the plaintiff's collective bargaining agreement.

When the city council did not fund the "Clean and Green Initiative" in its budget for the fiscal year 2001-2002, Nichols' position and four others were transferred to the parks administration division of the public facilities department. Nichols' job title, salary, department and union affiliation did not change when the city council eliminated the "Clean and Green" division. Although the city council eliminated the division, it did not eliminate the position of assistant director of mayoral initiatives.

In May, 2001, Nichols was reassigned to construction management services, also within the public facilities department. Nichols was never reclassified as a project manager, although she reported to the director of construction management services and was provided with business cards that identified her as a project manager. Some of Nichols' duties were similar to those she had performed in the "Clean and Green" division, but to a lesser extent of involvement and complexity. Nichols contacted the defendant to discuss the discrepancy between her job title and her actual job duties but was unable to resolve the problem.

The city council eliminated Nichols' position of assistant director of mayoral initiatives and the entire constructive management services division in the budget for the fiscal year 2002-2003 because of budgetary constraints. By letter dated June 10, 2002, Nichols was informed that she was laid off from her employment effective June 28, 2002. On June 14, 2002, she sent the defendant a letter requesting an immediate transfer to

one of three enumerated positions. One of those positions, public works traffic foreman, was a funded position and was covered by the plaintiff's collective bargaining agreement. The defendant denied her request by letter dated June 25, 2002.

The three grievances filed by the plaintiff on Nichols' behalf, relating to the transfer in 2001, the subsequent elimination of Nichols' position in 2002 and the denial of her request for an immediate transfer, were denied and subsequently arbitrated. An arbitrator approved by the American Arbitration Association conducted a hearing and filed a written award on May 10, 2006, pursuant to the parties' collective bargaining agreement. In that report, the arbitrator concluded that the defendant violated the terms of the parties' collective bargaining agreement "by allegedly transferring, or laying off, Bonnie Nichols . . . ." In reaching that conclusion, the arbitrator found that Nichols "was constructively transferred in May, 2001," that she held the title of assistant director of the "Clean and Green" division on the defendant's records but functioned as a project manager for more than one year prior to her layoff, that she should have been covered by the LIUNA collective bargaining agreement as a project manager and that she should have had the transfer, bumping and recall rights as provided in the LIUNA collective bargaining agreement. By way of remedy, the arbitrator provided that Nichols was to be "reinstated to either (1) the Public Works Traffic Foreman position, or (2) a LIUNA position [that Nichols] would have been entitled to transfer into, bump into or recall into at the time of, or after, her layoff." The arbitrator also awarded Nichols back pay, seniority and all other benefits, to be set off by any earnings that she received from the time of her layoff to the date of her reinstatement.

The plaintiff filed an application seeking confirmation of the arbitration award on June 8, 2006. The defendant

filed a separate action to vacate the arbitration award on June 9, 2006. Because both matters addressed the same parties, arbitration decision and grievant, the court indicated that it would dispose of both cases with one memorandum of decision.[1] In that decision, filed November 27, 2006, the court concluded that the arbitrator exceeded the scope of the submission because neither the plaintiff nor the defendant had vested the arbitrator with authority to decide issues or to award relief concerning a position covered by LIUNA, another bargaining unit. Further, the court concluded that the arbitrator's award was not mutual, definite and final because, inter alia, LIUNA and its members were not parties to the arbitration, and confirmation of the award would promote further litigation. Finally, the court concluded that it could not sustain part of the award and vacate the portion outside of the scope of the submission because the arbitrator's findings were so indelibly intertwined and interrelated with the award of rights in a LIUNA position that separation could not be made without doing an injustice to the defendant. Accordingly, the court denied the plaintiff's application to confirm the award and granted the defendant's application to vacate the award in its entirety. This appeal followed.

I

The plaintiff first claims that the court improperly concluded that the award of the arbitrator exceeded the scope of the submission because it awarded Nichols rights under the LIUNA collective bargaining

[1] The appeal form filed on January 16, 2007, indicates that the plaintiff is appealing from the judgment rendered by the court denying the motion to confirm the arbitration award and granting the motion to vacate the award. The plaintiff, however, identifies the trial court docket number of only the case in which it sought to confirm the award, entitled *Bridgeport City Supervisors' Assn.* v. *Bridgeport.* The trial court docket number of the case filed by the defendant seeking to vacate the award, *Bridgeport* v. *Bridgeport City Supervisors' Assn.*, is not listed on the plaintiff's appeal form.

agreement. Specifically, the plaintiff argues that the parties' collective bargaining agreement permits the transfer of an employee into a position that is affiliated with a different bargaining unit and that the arbitrator properly gave the defendant the choice of reinstating Nichols to a position covered by the plaintiff's collective bargaining agreement or a position covered by the LIUNA collective bargaining agreement. For those reasons, the plaintiff argues that the award was within the scope of the submission.

Our standard of review is well settled. "Judicial review of arbitral decisions is narrowly confined. . . . When the parties agree to arbitration and establish the authority of the arbitrator through the terms of their submission, the extent of our judicial review of the award is delineated by the scope of the parties' agreement. . . . When the scope of the submission is unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission. . . . Because we favor arbitration as a means of settling private disputes, we undertake judicial review of arbitration awards in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution. . . .

"The significance . . . of a determination that an arbitration submission was unrestricted or restricted is not to determine what the arbitrators are obligated to do, but to determine the scope of judicial review of what they have done. Put another way, the submission tells the arbitrators what they are obligated to decide. The determination by a court of whether the submission was restricted or unrestricted tells the court what its scope of review is regarding the arbitrators' decision. . . .

"Even in the case of an unrestricted submission, we have . . . recognized three grounds for vacating an

award: (1) the award rules on the constitutionality of a statute . . . (2) the award violates clear public policy . . . [and] (3) the award contravenes one or more of the statutory proscriptions of [General Statutes] § 52-418." (Internal quotation marks omitted.) *Harty* v. *Cantor Fitzgerald & Co.*, 275 Conn. 72, 80–81, 881 A.2d 139 (2005). General Statutes § 52-418 (a) provides in relevant part: "Upon the application of any party to an arbitration, the superior court . . . shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

In the present case, it is undisputed that the submission was unrestricted.[2] The court vacated the award pursuant to § 52-418 (a) (4), concluding that the arbitrator exceeded his powers by awarding Nichols rights under the collective bargaining agreement of LIUNA, a bargaining unit that was not a party to the arbitration. By providing such a remedy, the court concluded, the award failed to conform to the parties' submission.[3]

---

[2] "A submission is unrestricted when . . . the parties' arbitration agreement contains no language restricting the breadth of issues, reserving explicit rights, or conditioning the award on court review." (Internal quotation marks omitted.) *Industrial Risk Insurers* v. *Hartford Steam Boiler Inspection & Ins. Co.*, 273 Conn. 86, 89 n.3, 868 A.2d 47 (2005).

[3] In its memorandum of decision, the court reasoned: "By granting Nichols a right to a LIUNA union position, the arbitrator implicated an analysis of the bumping rights and recall provisions of the collective bargaining agreement between [the defendant] and LIUNA, and that analysis would involve an analysis of Nichols' rights in LIUNA both at the time of and following the

"Arbitration is a creature of contract and the parties themselves, by the terms of their submission, define the powers of the arbitrators." (Internal quotation marks omitted.) *Industrial Risk Insurers* v. *Hartford Steam Boiler Inspection & Ins. Co.*, 258 Conn. 101, 109, 779 A.2d 737 (2001). "When the parties have agreed to a procedure and have delineated the authority of the arbitrator, they must be bound by those limits." (Internal quotation marks omitted.) *State* v. *AFSCME, AFL-CIO, Council 4, Local 2663*, 257 Conn. 80, 85, 777 A.2d 169 (2001). When the claim is that the award does not conform to the submission, the reviewing court conducts "in effect, de novo judicial review." (Internal quotation marks omitted.) *Harty* v. *Cantor Fitzgerald & Co.*, supra, 275 Conn. 84. "Although we have not explained precisely what in effect, de novo judicial review entails as applied to a claim that the award does not conform with the submission, that standard best can be understood when viewed in the context of what the court is permitted to consider when making this determination and the exact nature of the inquiry presented. . . . Our inquiry generally is limited to a determination as to whether the parties have vested the arbitrators with the authority to decide the issue presented or to award the relief conferred. With respect to the latter, we have explained that, as long as the arbitrator's remedies were consistent with the agreement they were within the scope of the submission." (Internal quotation marks omitted.) Id., 85–86. "[A] claim that the award does *not conform to the submission* is predicated on the arbitrators' absolute lack of authority to decide an issue or to grant certain relief." Id., 88.

Here, the parties agreed to the following submission: "Did the City of Bridgeport violate the provisions of the Collective Bargaining Agreement between the City

---

layoff of Nichols. As such, the award is beyond the scope of the submission and must be vacated."

of Bridgeport and the [Bridgeport City Supervisors' Association union] by allegedly transferring, or laying off, Bonnie Nichols? If so, what shall the remedy be?" The arbitrator answered the first question in the affirmative, and fashioned a remedy requiring that Nichols be reinstated "to either (1) the Public Works Traffic Foreman position, or (2) a LIUNA position [that Nichols] would have been entitled to transfer into, bump into or recall into at the time of, or after, her layoff."

The arbitrator's decision incorporates the relevant provisions of the collective bargaining agreement between the plaintiff union and the defendant city. Article 11, § 11.1, of that agreement sets forth the grievance and arbitration procedures and provides for the settlement of "[a]ny grievance or dispute, which may arise between the parties, concerning the application, meaning or interpretation of this Agreement . . . ." That section further provides that "[t]he arbitrator(s) shall limit the decision strictly to the application, meaning or interpretation of the provisions of this agreement. The arbitrator(s) shall not add to, nor subtract from, the terms of this agreement as written." The arbitrator, therefore, had the authority to determine whether the challenged actions of the defendant violated the provisions of the collective bargaining agreement between the plaintiff and the defendant. Further, any remedy provided would likewise have to be consistent with that agreement in order to be within the scope of the submission. See *State* v. *New England Health Care Employees Union, District 1199, AFL-CIO*, 265 Conn. 771, 790, 830 A.2d 729 (2003).

"[T]he arbitrator is authorized from [an] unrestricted submission to fashion *any remedy that is rationally related to a plausible interpretation of the agreement* . . . . Put another way, when the submission is unrestricted, *the remedy determined by an arbitrator will be upheld as long as the remedy draws its essence*

*from the . . . agreement . . . .*" (Citation omitted; emphasis added; internal quotation marks omitted.) *Board of Education* v. *Civil Service Employees Affiliates, Local 760,* 88 Conn. App. 559, 570, 870 A.2d 473 (2005).

Here, the challenged remedy did not draw its essence from the parties' agreement. LIUNA was not a party to the arbitration. The plaintiff, although arguing that Nichols should have been a member of LIUNA when she was transferred in 2001, agreed that she was a member of the plaintiff union at the time of her layoff. Her rights and remedies, therefore, had to be determined pursuant to the plaintiff's collective bargaining agreement. The arbitrator, however, made factual findings that Nichols had been constructively transferred to a LIUNA position in 2001 and should have had the layoff, bumping and recall rights under the LIUNA collective bargaining agreement. He then fashioned a remedy awarding Nichols a position under the LIUNA collective bargaining agreement. The remedy, being dependent on the interpretation of provisions of the collective bargaining agreement of a union that was not a party to the arbitration, was not within the scope of the parties' submission and properly was vacated by the court.

II

The plaintiff next claims that the court improperly concluded that the award exceeded the scope of the submission because it was not mutual, definite and final. Because LIUNA and its members were not parties to the arbitration, the court reasoned that a confirmation of the award would promote further litigation.[4]

---

[4] After noting the plaintiff's argument that the defendant, and not Nichols, would decide what position Nichols would assume under the award, the court stated: "The [plaintiff], however, ignores the reality that Nichols will once again become embroiled in litigation should she be awarded a LIUNA union position, as LIUNA, on behalf of its members, will very likely challenge any attempt by [the defendant] to award Nichols a LIUNA position that she

The plaintiff argues that the arbitrator settled all issues between the plaintiff and the defendant, and the fact that the award may invite controversy between separate parties about separate issues cannot be a ground for vacating the award.

"Despite the general rule counseling deference to arbitral awards, § 52-418 (a) lists circumstances under which vacatur of an award is required. One such circumstance is an award that is not mutual, final or definite." (Internal quotation marks omitted.) *Rocky Hill Teachers' Assn.* v. *Board of Education*, 72 Conn. App. 274, 280, 804 A.2d 999, cert. denied, 262 Conn. 907, 810 A.2d 272 (2002). "[A]n award must be final as to the matters submitted so that the rights and obligations of the parties may be definitely fixed." (Internal quotation marks omitted.) Id. Whether an award is definite and final presents a question of law that we review de novo. *State* v. *AFSCME, Council 4, Local 1565*, 49 Conn. App. 33, 35, 713 A.2d 869 (1998), aff'd, 249 Conn. 474, 732 A.2d 762 (1999).

The arbitrator's award in the present case is similar to an arbitrator's award found to be indefinite by this court in *State* v. *AFSCME, Council 4, Local 1565*, supra, 49 Conn. App. 33. In that case, which we find controlling here, the award ordered an employee's reinstatement to a position at "*either* [the] Niantic [correctional facility] *or* an alternate facility that would be agreeable to all parties." (Emphasis in original.) Id., 37. The court concluded that the award was indefinite because it did not specify an exact location for placement. "[B]ecause placement has yet to be determined, further litigation continues to be a possibility, and, thus, the award cannot be said to fix definitively the rights and obligations of the parties." Id.[5]

may have been entitled to at the time of her layoff when she was not, in fact, a LIUNA member."

[5] We note that in *State* v. *AFSCME, Council 4, Local 1565*, supra, 49 Conn. App. 33, the award contemplated placement at a facility covered by the

Here, the arbitrator's award suffers from the same infirmity. The award ordered Nichols to be reinstated to *either* the public works traffic foreman position *or* a LIUNA position that she would have been entitled to transfer into, bump into or recall into at the time of, or after, her layoff. In addition to the concerns addressed in part I of this opinion, the LIUNA position is not specified and leaves open the possibility of disagreement and litigation as to her ultimate placement. We therefore conclude that the award was not definite, and the court properly vacated the award.

### III

The plaintiff's final claim is that the court improperly vacated the entire award. The plaintiff argues that the court should have confirmed that portion of the arbitrator's award that was within the scope of the submission. Specifically, the plaintiff claims that the court should have confirmed the portion that concluded that the defendant violated the provisions of the collective bargaining agreement and that portion that ordered reinstatement to the position of public works traffic foreman.

We first note that the plaintiff's application before the Superior Court requested confirmation of the entire award. The plaintiff did not file a motion to correct or to modify the award pursuant to General Statutes § 52-419.[6] In the plaintiff's brief filed in the Superior Court,

---

parties' bargaining agreement, unlike this case in which the alternate placement would be covered by a bargaining agreement between the defendant and a nonparty to the arbitration.

[6] General Statutes § 52-419 provides in relevant part: "(a) Upon the application of any party to an arbitration, the superior court . . . shall make an order modifying or correcting the award if it finds any of the following defects: (1) If there has been an evident material miscalculation of figures or an evident material mistake in the description of any person, thing or property referred to in the award; (2) if the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted; or (3) if the award is imperfect in matter of form not affecting the merits of the controversy.

setting forth its arguments and legal authority, no mention is made of confirming part of the award if the court should determine that a portion of it exceeded the scope of the submission. The plaintiff's sole argument was that the award conformed to the submission in its entirety.

The court, nevertheless, sua sponte, in its memorandum of decision, addressed the issue of whether a portion of the arbitrator's award could be confirmed. The court found that "the arbitrator's findings regarding Nichols' 'constructive' transfer, her previous union affiliation with LIUNA and her position at the time of her layoff are so indelibly intertwined and interrelated with the arbitrator's award of rights in a LIUNA position that one cannot separate these findings and the award without doing an injustice to [the defendant]."

"Ordinarily, an award which does not respond to the submission cannot be upheld. . . . It is void to the extent to which it is outside the submission. . . . To that extent the award must be vacated by the Superior Court upon proper application." (Citations omitted.) *Local 63, Textile Workers Union* v. *Cheney Bros.*, 141 Conn. 606, 613–14, 109 A.2d 240 (1954), cert. denied, 348 U.S. 959, 75 S. Ct. 449, 99 L. Ed. 748 (1955). "On the other hand, if part of an award is within the submission and part of it is not, the former may be sustained and the latter rejected if the two can be separated without doing an injustice." Id., 614. "[W]hen an arbitrator exceeds his authority, the award is void only to the extent that he does so, *if the part which is void can be separated from the rest without injustice and without affecting the merits of the part of the award which is within the submission.*" (Emphasis added.) Id., 619.

Here, the court reasonably concluded that the alternative relief provided in the award could not be separated without creating an injustice. A review of the

"(b) The order shall modify and correct the award, so as to effect the intent thereof and promote justice between the parties."

arbitrator's twenty page decision provides ample support for the court's determination that the arbitrator's findings and award were inseparable from considerations involving the LIUNA union and the rights and remedies under its collective bargaining agreement. On this record, we cannot conclude that the court improperly chose to vacate the entire award rather than attempting to separate the portions within and outside the scope of the submission.

We recognize that arbitration awards are generally upheld and are extended great deference because the arbitration process is favored as a means of settling disputes. Nevertheless, we conclude that this is one of those rare cases in which the arbitrator exceeded his authority and the court properly vacated the award.

The judgment is affirmed.

In this opinion the other judges concurred.