CITY OF HARTFORD *v.* LOCAL 760, INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, AFL-CIO (3552)

DUPONT, C. J., BORDEN and SPALLONE, Js.

Argued November 8, 1985—decision released January 7, 1986

*J. William Gagne, Jr.,* for the appellant (defendant).

*H. Maria Cone,* assistant corporation counsel, with whom, on the brief, was *Richard H. Goldstein,* corporation counsel, for the appellee (plaintiff).

SPALLONE, J. The defendant is appealing from the judgment of the trial court granting the plaintiff's application to vacate an arbitration award.

The defendant claims that the court erred (1) in ruling that the arbitrators had exceeded their authority, (2) in ruling that the arbitrators were precluded from fashioning a remedy, and (3) in failing to remand the case for a new arbitration hearing and award.

The grievant, Ollie Little, a twelve year veteran of the Hartford fire department, was allegedly involved in a bank robbery. He was arrested for his participation in the theft and, after a hearing, was suspended from the fire department without pay pending the disposition of the criminal charges. The defendant union, Local 760, filed a grievance with the fire department on behalf of Little which was denied. The union then requested arbitration pursuant to the parties' collective bargaining agreement. In accordance with the procedures provided therein, an arbitration hearing regarding the grievance was conducted by the state board of mediation and arbitration. The parties could not agree on the form of the submission of the issue. Therefore, the board framed the issue as follows: "Was the Grievant, Ollie Little, Jr., suspended for just cause under the collective bargaining agreement? *If not,* what shall the remedy be?" (Emphasis added.) The board, after hearing all parties, made its award and answered the first question raised by the submission in the affirmative, i.e., that the grievant was suspended for just cause. The board, however, went on to decide that the period of suspension was inappropriate and reduced it. The plaintiff filed an application to the Superior Court to vacate the award pursuant to General Statutes

§ 52-418. The court ruled that the board, by reducing the suspension after its finding of just cause, exceeded its powers in that the award did not conform to the submission. Accordingly, the court granted the plaintiff's application to vacate the arbitrators' award.

There is no question that arbitration awards are generally upheld and that we give great deference to an arbitrator's decisions since arbitration is favored as a means of settling disputes. *Board of Education* v. *AFSCME,* 195 Conn. 266, 270, 487 A.2d 553 (1985); *Trumbull* v. *Trumbull Police Local 1745,* 1 Conn. App. 207, 211–12, 470 A.2d 1219 (1984). Although a party to arbitration is entitled to judicial review, the autonomous nature of the arbitration process dictates minimal intrusion by the courts. *Middletown* v. *Police Local, No. 1361,* 187 Conn. 228, 230, 445 A.2d 322 (1982); *Trumbull* v. *Trumbull Police Local 1745,* supra.

The party challenging the award must produce evidence sufficient to invalidate or avoid the award. *Board of Education* v. *AFSCME,* supra, 271; *Gary Excavating Co.* v. *North Haven,* 160 Conn. 411, 413, 279 A.2d 543 (1971). General Statutes § 52-418 (a) (4) empowers the Superior Court to vacate an arbitration award where "the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

When reviewing such actions, the trial court is limited to the sole issue of whether the award conforms to the submission. *Bruno* v. *Department of Consumer Protection,* 190 Conn. 14, 18, 458 A.2d 685 (1983); *Bic Pen Corporation* v. *Local No. 134,* 183 Conn. 579, 584, 440 A.2d 774 (1981); *Board of Education* v. *Local No. 818,* 5 Conn. App. 636, 639–40, 502 A.2d 426 (1985); *Gennarini Construction Co.* v. *Messina Painting & Decorating Co.,* 5 Conn. App. 61, 65, 496 A.2d 539

(1985); *American Motorists Ins. Co.* v. *Brookman,* 1 Conn. App. 219, 222, 470 A.2d 253, cert. denied, 193 Conn. 801, 473 A.2d 1266 (1984). The submission defines the scope of the entire arbitration proceedings by specifically delineating the issues to be decided and no matter outside the submission may be included in the award. *Board of Education* v. *AFSCME,* supra; *Bruno* v. *Department of Consumer Protection,* supra; see *Oldread* v. *National Union Fire Ins. Co. of Pittsburgh,* 5 Conn. App. 517, 519–20, 500 A.2d 956 (1985). Where the award does not conform to the submission, the arbitrator has exceeded his authority and the court may vacate the award upon proper application by either party. *Board of Education* v. *Bridgeport Education Assn.,* 173 Conn. 287, 291, 377 A.2d 323 (1977); see *Board of Education* v. *AFSCME,* supra.

We are adamant in our adherence to these principles which serve to perpetuate the autonomous nature of the arbitration process. To hold otherwise would expand the role of the trial court in arbitration proceedings which would result in an unwarranted and counterproductive diminution of the efficacy of such proceedings.

There is no question here that the award does not conform to the submission. The submission is clear on its face. By its language, which the arbitrators directed to themselves, the submission precluded the arbitrators from determining the question of remedy unless they found that the grievant was suspended without just cause. The phrase "if not," in the context of the submission as a whole, does not mean "if so" which, under the circumstances of this case, would have required the arbitrators to respond to the second portion of the submission: "what shall the remedy be?" See *Board of Education* v. *Bridgeport Education Assn.,* supra, 289. Accordingly, we conclude that the trial

court did not err in finding that the arbitrators exceeded their authority as delineated within the submission.

Because our conclusion that the arbitrators were precluded from determining the question of remedy addresses fully the defendant's second claim of error, we will not comment further upon that claim.

The defendant's third and final claim of error, that the trial court erred in not remanding the case to the arbitrators for a rehearing, is also without merit. General Statutes § 52-418 (b) provides that "[i]f an [arbitration] award is vacated and the time within which the award is required to be rendered has not expired, the court or judge may direct a rehearing by the arbitrators." The language of the statute clearly invokes the court's discretion in such matters. *Middletown* v. *Police Local, No. 1361,* supra, 231. We will not interfere with the discretion of the trial court unless that discretion is clearly abused. *Beede* v. *Beede,* 186 Conn. 191, 194, 440 A.2d 383 (1982); *Bratz* v. *Bratz,* 4 Conn. App. 504, 507, 495 A.2d 292 (1985). We conclude that the trial court did not abuse its discretion in failing to remand the matter for a rehearing.

There is no error.

In this opinion the other judges concurred.