[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a petition by the City of Norwalk to vacate or modify certain portions of an arbitration award made by the Connecticut State Board of Mediation and Arbitration ("State Board") pursuant to General Statutes 52-418(a)(4), 52-419.
This case began when the chief of police in Norwalk took disciplinary action against a Norwalk police officer who, within the course of three days in January 1988, was involved in two separate automobile accidents, one of which caused personal injuries to another driver. The chief decided that the officer would not be permitted to operate a police vehicle for one year, from March 1, 1988 to February 28, 1989, and that the officer would be on probation for six months starting March 1, 1989 in the operation of motor vehicles. The chief's decision also provided that the officer was to "complete a defensive driver training course that will be set up by Deputy Chief Harry Rilling within the one year suspension from driving a police motor vehicle." It appears that the police department did not arrange such a course for the officer during the one year suspension period, and did not do so until later that summer, which meant that the officer could not drive a police vehicle until August 10, 1989. Thus, in effect the officer was prohibited from driving a police vehicle for almost eighteen months rather than twelve as originally ordered.
The officer filed a grievance and, according to the collective bargaining agreement between the plaintiff and the defendant, AFSCME Council 15, Local 1727, the matter was referred to the State Board.[1]
The issues before the State Board were phrased as follows: "Was discipline taken against Officer Mark DeVito for just cause? If not, what shall the remedy be?" The State Board decided that one year suspension from operating a police vehicle was proper and had been imposed "for just cause." The State Board, however, went on to say that because the driver training course had been delayed through the fault of the defendant City of Norwalk, the officer should be awarded CT Page 1241 $4,274.00 because of the money he lost during the period March 1, 1989 to August 10, 1989, when he should have been able to perform extra duty jobs that required a police vehicle.
The defendant seeks to vacate the award on two grounds. The first is that the officer failed to file a grievance within twenty-one days after receipt of written notice of the disciplinary decision as required by the collective bargaining agreement, and therefore the Board had no jurisdiction to hear the appeal.
The second argument is that by awarding monetary damages to the officer, the Board exceeded the issues that were before it. General Statutes 52-118 provides for the vacating of an award only if the arbitrators exceed their powers or so imperfectly executed them that no mutual, final and binding award has been made. See also Hartford v. Local 760, 6 Conn. App. 11, 13, 502 A.2d 429 (1986).
I disagree with the first argument of the City for two reasons. First, this grievance was filed on April 11, 1988, which was within twenty-one days of the notification by the chief on March 30, 1988 of his disciplinary action. The City claims that because the disciplinary action was effective March 1, 1988, the appeal must be taken with twenty-one days of that date. However, I believe that the twenty-one day period begins to run from the date of notification of the disciplinary action. Secondly, the plaintiff never gave advance notice to the State Board of this claim of lack of jurisdiction, contrary to General Statutes 31-97(b) which requires that all issues be brought to its attention at least ten days before the hearing. See also Regulations 31-91-23(b).
I do, on the other hand, agree with the City that the State Board exceeded the scope of the issues that were submitted to it, because the first issue was whether the discipline was for just cause. The Board said it was, and therefore should not have reached the second issue as to what the "proper remedy should be," which issue was premised on the Board not finding "just cause" for the discipline. See Hartford v. Local 760, supra, 14.
Even if the issue of money damages had been properly bought before the State Board, I believe there was a mathematical miscalculation by the Board in its awarding $4,274.00 to the police officer. The exhibits indicate that with respect to the type of job for which a police car is required, e.g., at the Norwalk municipal beach or park, so-called seasonal jobs, the officer lost $1,411, measured by the difference between what he earned on similar jobs for the corresponding five and a half month period in the prior year before the CT Page 1242 suspension of his driving privileges, as compared with extra pay for the same period in 1988, during which he could have operated a police car had the City organized a driver's course for him as promised by the chief. ($2,046 as compared with $635)
In conclusion, the award of the State Board is modified so as to delete the monetary award to the officer, and is otherwise confirmed.
SO ORDERED.
Dated at Stamford, Connecticut this twenty-eighth day of August, 1990.
WILLIAM B. LEWIS, J.