[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION STATEMENT OF FACTS CT Page 6102
On May 13, 1996, the City of Bridgeport (the plaintiff) filed an application to vacate an arbitration award made by the State Board of Mediation and Arbitration ("SBMA"). The following facts are relevant to the resolution of this issue.
The City of Bridgeport Police Commission heard testimony from several witnesses that the grievant, a Bridgeport police officer, hit a suspect in the face while trying to arrest him. The grievant believed that the suspect had vandalized the grievant's motorcycle. The Police Commission also found that the grievant had not been truthful when communicating his version of the incident. Based on these findings, the Police Commission suspended the grievant for six months without pay for violating several Rules and Regulations of the Bridgeport Police Department's Policy and Procedure.
Pursuant to an arbitration clause in the collective bargaining agreement between the plaintiff and the defendant, Council 15, AFSCME, Local 1159 (the union), a timely grievance was filed by the Union and the matter was claimed for arbitration to the SBMA.[1] The parties agreed to frame the issue as follows: "Was Officer Gonzalez disciplined for just cause? If not, what shall the remedy be?" Despite finding that the grievant had been disciplined for just cause, the SBMA reduced the grievant's suspension from six months to three months and ordered the plaintiff to reimburse the grievant for the remaining three months suspension period.
On May 17, 1996, the Union filed a Counter-Application to confirm the arbitration award. On July 16, 1996, the Union submitted a memorandum of law in support of its Counter-Application. The plaintiff also submitted a memorandum of law in support of its application to vacate on July 26, 1996. In response, the Union submitted a reply memorandum of law on August 5, 1996.
DISCUSSION
The plaintiff moves to vacate the award of the SBMA on the grounds that (a) the arbitration award does not conform to the submission; and (b) the arbitration award contravenes public policy requiring police officers to be truthful. The Union CT Page 6103 argues that the power of the SBMA to modify the punishment imposed on the grievant arises from the arbitration clause in the collective bargaining agreement. See Footnote 1.
The court finds that the parties voluntarily submitted to the SBMA the issues of whether the grievant was disciplined for "just cause", and if not, what the appropriate remedy should be. This submission did not place any conditions or limits on the power of the SBMA to decide these issues. Accordingly, the submission of the parties in the present case was unrestricted. See New Havenv. AFSCME, Council 15, Local 530, 9 Conn. App. 396, 399,519 A.2d 93 (1986).
In the case of an unrestricted submission, the Court pursuant to General Statutes § 52-418 may vacate an arbitration award "if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter was not made." C.G.S. §52-418 (a)(4). "[I]n deciding whether arbitrators have exceeded their powers, as that phrase in used in [General Statutes] §52-418 (d) (now 52-418 (a)(4)), a court need only examine the submission and the award and determine whether the award conforms to the submission." Waterbury v. Waterbury PoliceUnion, 176 Conn. 401, 404, 407 A.2d 1013 (1979). The Court concludes that under the authority of Hartford v. Local 760,6 Conn. App. 11, 12 502 A.2d 429 (1986), the arbitration decision does not conform to the submission and must be vacated. Since the plaintiff's application is being granted on this ground, the Court does not reach plaintiff's public policy argument.
In Hartford v. Local 760, supra, 6 Conn. App. 12, the grievant was arrested for his alleged involvement in a bank robbery. The grievant was suspended from his position with the Hartford Fire Department without pay pending disposition of the criminal charges. Id. 12. The union requested arbitration pursuant to the parties' collective bargaining agreement. Id. The board framed the issue as follows: "`Was the Grievant . . . suspended for just cause under the collective bargaining agreement? If not, what shall the remedy be?' (Emphasis added.)"Hartford v. Local 760, supra, 6 Conn. App. 12. The board answered the first question raised by the submission in the affirmative, i.e., that the grievant was suspended for just cause. Id. The board, however, went on to decide that the period of suspension was inappropriate and reduced it. Id. CT Page 6104
Subsequently, the plaintiff, City of Hartford, filed an application to the Superior Court to vacate the award pursuant to General Statutes § 52-418. Hartford v. Local 760, supra,6 Conn. App. 12. The trial court granted the application to vacate, ruling that the board, by reducing the suspension after its finding of just cause, exceeded its powers in that the award did not conform to the submission. Id., 13. The defendant appealed the decision of the trial court to vacate the arbitration award to the Connecticut Appellate Court. The Appellate Court held that there was "no question" that the award did not conform to the submission. Hartford v. Local 760, supra,6 Conn. App. 14. The Appellate Court explained that the submission "[b]y its language . . . precluded the arbitrators from determining the question of remedy unless they found that the grievant was suspended without just cause. The phrase, if not, in the context of the submission as a whole, does not mean if so' which, under the circumstances of this case, would have required the arbitrators to respond to the second portion of the submission: `what shall the remedy be?' See Board of Educationv. Bridgeport Education Assn., supra, 289." Id., 14. Accordingly, the Appellate Court determined that the trial court did not err in finding that the arbitrators exceeded their authority as delineated within the submission. Hartford v. Local 760, supra,6 Conn. App. 14-15. See also Town of Wilton v. AFSCME, Council 4,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 312071 (August 1, 1994 Vertefeuille, J.).
Applying the ruling of Hartford v. Local 760 to the present case, once the arbitrators found that the grievant had been disciplined for just cause, the arbitrators were precluded from determining the question of remedy. The language of the submission is clear and unambiguous. It requires the SBMA to consider the question of remedy only if the SBMA determines that the grievant was punished without just cause.
The defendant's attempt to distinguish Hartford v. Local 760,
is unavailing. The defendant's primary argument is that the arbitration provision of the parties' collective bargaining agreement represents the submission; See generally, Vail v.American Homes. Inc., 181 Conn. 449, 451 (1980) (the arbitration clause in a contract is a written submission to arbitrate); and the parties' arbitration clause expressly allows the arbitrators to modify a disciplinary decision. See Footnote 1. However, the general authority of an arbitrator may be broadened or ;limited by the exact issue which the parties consensually ask the CT Page 6105 arbitrator to resolve especially when the parties, as they did here, do not make the arbitration clause the exclusive parameter of their submission. See Bic Pen Corporation v. Local No. 134,183 Conn. 579, 584, 440 A.2d 774 (1981) ("The arbitrator's authority is not measured or limited by previous grievances, prior discussions between the parties, or contract interpretation or language."), see generally, 4 Am.Jur.2d, Alternative Dispute Resolution, §§ 226-227, 202 (2d. ed. 1995). If the parties have an agreement requiring arbitration over a broad range of topics, but they ask the arbitrator to resolve very narrow, insular issues, then the arbitrator is bound to resolve those issues specifically submitted to him and no others.
The parties could have asked SBMA, for example, to decide whether Officer Gonzalez was disciplined for just cause and whether the discipline was reasonable or appropriate, and if not, what should the remedy be. More generally, SBMA could have been asked whether the discipline was justified or appropriate under the terms of the Collective Bargaining Agreement. The issues submitted to SBMA were not so broadly framed by the parties to allow SBMA to consider the reasonableness of the punishment if just cause for the discipline existed. Consequently, under the authority of Hartford v. Local 760, supra, the defendant cannot acquire relief from the arbitration proceedings that is beyond the issues framed for submission.
CONCLUSION
Therefore, the plaintiff's application to vacate is granted and the defendant's counter-application to confirm is denied.
Dated this 28th day of May 1997.
BY THE COURT,
STEVENS, JUDGE