[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, David Hoffman, brings this application seeking to vacate an arbitration award dated February 18, 1999, issued by William J. Wellman, Arbitrator (Exhibit B, Application to Vacate Award).
The arbitrator found the issues in favor of the claimant, Roderick Quinn, doing business as Quinn Construction, and awarded the following by way of damages:
 Framing $12,500 Delay Damages. $ 3,500
TOTAL $16,000
The defendant, Roderick Quinn, doing business as Quinn Construction, filed an objection to the motion to vacate the award, and asks that the award be confirmed pursuant to § 52-417
of the Connecticut General Statutes.[1]
The arbitration proceedings arose out of a written instrument titled "Contract Agreement" dated December 17, 1997, between the plaintiff, David Hoffman, and Roderick Quinn, doing business as Quinn Construction, consisting of three pages (Exhibit A, CT Page 8717 Application to Vacate Award).
The agreement concerned work to be performed at 35 Codfish Hill Road, Bethel, for a contract price of $25,000, payable in progress payments.
The agreement contains a clause (paragraph 9), reading:
 All disputes hereunder shall be resolved by binding arbitration in accordance with the rules of the American Arbitration Association.
On September 29, 1998, nine months after the agreement was signed, the defendant, Roderick Quinn, doing business as Quinn Construction, filed a claim for arbitration, stating a claim for $30,000.
The application framed the dispute in the following language:
 Breach of Contract. The contract is attached as Exhibit A. At all relevant times, the Claimant has been ready, willing and able to perform, but the Respondents informed the Claimant that his services are not needed.
The plaintiff's reply to the request for arbitration denied both the existence of a contract, and that claimed breach of contract.
The plaintiff claims, as part of his application to vacate the arbitration award, that he objected to the arbitrability of the dispute at the outset of the proceedings, and before arbitration began.
The defendant points to the language of the agreement, claiming the phrase "all disputes" renders the submission to arbitration unrestricted, and therefore, subject to the general rule that a court will not review the evidence considered by the arbitrator, not review the award for errors of law or fact.American Universal Ins. Co. v. DelGreco, 205 Conn. 178, 186
(1987).
Because arbitration is favored as a means of setting private disputes, judicial review of awards should minimize interference with an efficient and economical system of alternative dispute resolution. Saturn Construction Co. v. Premier Roofing Co., CT Page 8718238 Conn. 293, 304 (1996).The nature of the arbitration procedure dictates minimal intrusion by the courts. Trumbull v. TrumbullPolice Local 1745, 1 Conn. App. 207, 211-12 (1984); Hartford v.Local 760, 6 Conn. App. 11, 13 (1986).
Therefore, it is axiomatic that a party can not object to an award which accomplishes what the arbitrator was authorized to do merely because he objects to a result. New Britain v. ConnecticutState Board of Mediation and Arbitration, 178 Conn. 557, 563
(1979); American Universal Ins. Co. v. DelGreco, supra, 187.
However, it is equally clear that arbitration is a creature of contract, and because the parties have defined the powers of the arbitrator, a party is under no obligation to arbitrate a matter which he has not agreed to arbitrate. American UniversalAmerican Universal Ins. Co. v. DelGreco, supra, 185.
In the case presented, the demand for arbitration claimed damages of $30,000, and alleged that the claimant was ready, willing and able to perform, but his services were not required.
The arbitrator awarded "delay damages" of $3500 and found that a valid contract existed, contrary to the respondent's answer.
The arbitrator further awarded $12,500 in damages for "framing," despite the fact that no framing had been accomplished at the time of the hearing.
Based upon a total contract price of $25,000 (Exhibit A), the arbitrator awarded $16,000 in damages, 68 percent of the full contract price.
Although judicial review of an arbitration award should be exercised sparingly, § 52-419 of the Connecticut General Statutes provides for modification or correction of an award.
 (a) Upon the application of any party to an arbitration . . . any judge . . . shall make an order modifying or correcting [an] award if [he] finds . . . the following . . . (2) if the arbitrators have awarded upon a matter not submitted to them. . . ."
Here, the claim is that the defendant was at all times ready, willing and able to perform, but was informed that his services CT Page 8719 were not needed.
The breach of contract, as found by the arbitrator, occurred prior to the performance of any of the contemplated framing work by the defendant.
An award of damages is designed to place the injured party in the same position as he would have been, had the contract been performed. Gordon v. Indusco Management Corporation, 164 Conn. 262,272 (1973). Damages are determined at the time the breach occurs.West Haven Sound Development Corporation v. West Haven,207 Conn. 308, 317 (1988).
Therefore, the award of damages for framing, before any framing had occurred, was beyond the issue submitted for arbitration.
The arbitration award is affirmed, to the extent of the award of $3500 to the defendant, Roderick Quinn, doing business as Quinn Construction.
The award is modified to the extent that damages awarded for framing in the amount of $12,500 are disallowed.
Judgment may enter accordingly.
Radcliffe, J.