STATE OF CONNECTICUT *v.* CONNECTICUT STATE
EMPLOYEES ASSOCIATION, SEIU LOCAL 2001
(AC 29702)

Bishop, DiPentima and Lavine, Js.

Argued February 20—officially released September 15, 2009

*Thomas P. Clifford III*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *William J. McCullough*, assistant attorney general, for the appellant (plaintiff).

*Robert J. Krzys*, for the appellee (defendant).

*Opinion*

LAVINE, J. The plaintiff, the state of Connecticut, appeals from the judgment of the trial court denying its application to vacate an arbitration award. On appeal, the plaintiff claims that the court improperly concluded that the arbitrator did not exceed his powers pursuant to General Statutes § 52-418 (a) (4). We conclude that the court improperly failed to vacate the award with respect to the arbitrator's finding in part two of the award that the demotion of the employee at issue cannot be extended in perpetuity and with respect to part three of the award. Accordingly, we affirm in part and reverse in part the judgment of the trial court.[1]

The following undisputed facts and procedural history are relevant for our consideration of the plaintiff's claim. The plaintiff and the defendant, the Connecticut State Employees Association, SEIU Local 2001, entered into a collective bargaining agreement. The defendant filed a grievance against the plaintiff on behalf of Derek Austin (grievant), an employee of the department of correction, following the grievant's demotion from the position of lieutenant to that of correctional officer.

Pursuant to the collective bargaining agreement, the parties submitted the controversy to arbitration on February 28, 2007. The parties stipulated to the issues and agreed that the following submission should be presented to the arbitrator: "1. Was the demotion of the [g]rievant for just cause? 2. If not, what shall be the remedy consistent with [the collective bargaining agreement] NP-8 [c]ontract?" After a hearing and the

---

[1] "[I]f part of an award is within the submission and part of it is not, the former may be sustained and the latter rejected if the two can be separated without doing an injustice." *Local 63, Textile Workers Union* v. *Cheney Bros.*, 141 Conn. 606, 614, 109 A.2d 240 (1954), cert. denied, 348 U.S. 959, 75 S. Ct. 449, 99 L. Ed. 748 (1955).

submission of posthearing briefs by each party, the arbitrator issued the following award: "1. The grievance is denied. 2. The demotion of the [g]rievant was for just cause; however, cannot be extended in perpetuity. 3. [The grievant] is to be 're-promoted' to the rank of [l]ieutenant within [sixty] days of the receipt of this [a]ward. He shall receive no back pay or any of the [l]ieutenant privileges that he might have received during the period of his demotion."

On July 7, 2007, the plaintiff filed an application to vacate the award pursuant to § 52-418 (a) (4).[2] The plaintiff argued that the award did not conform to the submission because, once the arbitrator denied the grievance and determined that the grievant's demotion was for just cause, he had answered the submission and was without authority to grant a remedy. The plaintiff argued that the arbitrator exceeded his powers in violation of § 52-418 (a) (4) and articles five and seventeen of the collective bargaining agreement.[3]

The court denied the plaintiff's application on February 21, 2008. In its memorandum of decision, the court stated that its first inquiry was determining "whether

[2] General Statutes § 52-418 (a) provides in relevant part: "Upon the application of any party to an arbitration, the superior court . . . shall make an order vacating the award if it finds any of the following defects . . . (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter was not made."

[3] Articles five and seventeen of the collective bargaining agreement address management rights and grievance procedure, respectively. Section one of article five provides in relevant part: "Except as otherwise limited by an express provision of this [a]greement, the [s]tate reserves and retains, whether exercised or not, all the lawful and customary rights, powers and prerogatives of public management. Such rights include . . . demotion, discharge or any other appropriate action against the employees . . . ."

Section nine of article seventeen provides in relevant part: "(c) The arbitrator shall have no power to add to, subtract from, alter, or modify this [a]greement, nor to grant to either party matters which were not obtained in the bargaining process . . . ."

the arbitrator's remedies were consistent with the terms of the collective bargaining agreement." The court quoted relevant sections of articles five and seventeen of the collective bargaining agreement; see footnote 3; and section one of article eighteen, which provides that "[n]o permanent employee who has completed the working test period shall be reprimanded, demoted, suspended or dismissed except for just cause."

The court reasoned that although the arbitrator determined that the demotion of the grievant was for just cause, he explicitly conditioned that finding on a limited period of demotion. The court concluded that, although the arbitrator's decision did not exactly respond to the precise language of the submission, the award properly conformed to the general submission presented to the arbitrator, "when that submission is read liberally." The court further noted that the plaintiff failed to show that the arbitrator lacked the authority to condition a finding of just cause on the grievant's being reinstated as a lieutenant or that he lacked discretion to set conditions on his findings and resulting awards. The court consequently concluded that the plaintiff had failed to prove that the arbitrator exceeded his powers under § 52-418 (a) (4) because his remedies were consistent with the terms of the collective bargaining agreement and his award conformed to the submission. We disagree with the court's conclusion.

We first set forth our standard of review. "Judicial review of arbitral decisions is narrowly confined. . . . When the parties agree to arbitration and establish the authority of the arbitrator through the terms of their submission, the extent of our judicial review of the award is delineated by the scope of the parties' agreement. . . . Because we favor arbitration as a means of settling private disputes, we undertake judicial review of arbitration awards in a manner designed

to minimize interference with an efficient and economical system of alternative dispute resolution." (Internal quotation marks omitted.) *Bridgeport City Supervisors' Assn.* v. *Bridgeport*, 109 Conn. App. 717, 723, 952 A.2d 1248, cert. denied, 289 Conn. 937, 958 A.2d 1244 (2008).

The scope of judicial review of arbitration awards is generally determined by whether the submission in question is restricted or unrestricted. Id. It is not necessary, however, to make that determination in the present case because the parties are asking us to compare the award to the issues submitted to the arbitrator pursuant to § 52-418 (a) (4).[4] Even when the submission is unrestricted, if a party specifically contends that the arbitrator's award does not conform to the submission in violation of § 52-418 (a) (4), we engage in de novo review. *Office of Labor Relations* v. *New England*

---

[4] Our Supreme Court has recently explained: "[T]he restrictions in the submission define the scope of our judicial review. . . . When the submission to the arbitrator contains express language restricting the breadth of issues, reserving explicit rights, or conditioning the award on court review, the submission is deemed restricted and we engage in de novo review. . . . As a general matter, [w]hen the parties have not restricted the scope of the arbitrator's authority, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission. . . . If a party specifically contends, however, that the arbitrator's award does not conform to an unrestricted submission in violation of § 52-418 (a) (4), we engage in what we have termed in effect, de novo judicial review. *. . . In light of these principles . . . it is clear that the typical threshold question of whether the submission is restricted or unrestricted is academic. [The] parties essentially ask us to compare the award with the issue submitted to the arbitrator, pointing to no other evidence as grounds to vacate or confirm the award. . . . Therefore, regardless of whether we engage in a threshold inquiry of whether the submission is restricted or unrestricted, the standard of review of and considerations related to the ultimate issue are essentially the same. We review [a] plaintiff's claim that the arbitrator exceeded her authority . . . de novo . . . .*" (Citations omitted; emphasis added; internal quotation marks omitted.) *Office of Labor Relations* v. *New England Health Care Employees Union, District 1199, AFL-CIO*, 288 Conn. 223, 229–31, 951 A.2d 1249 (2008).

*Health Care Employees Union, District 1199, AFL-CIO,* 288 Conn. 223, 229–30, 951 A.2d 1249 (2008). "[T]hat standard can best be understood when viewed in the context of what the court is permitted to consider when making this determination and the exact nature of the inquiry presented. Our review is limited to a comparison of the award to the submission. Our inquiry generally is limited to a determination as to whether the parties have vested the arbitrators with the authority to decide the issue presented or to award the relief conferred. With respect to the latter, we have explained that as long as the arbitrator's remedies were consistent with the agreement they were within the scope of the submission. . . . The party challenging the award . . . bears the burden of producing evidence sufficient to determine that the award does not conform to the submission." (Citation omitted; internal quotation marks omitted.) Id., 230.

Although the court states in its memorandum of decision that the first inquiry is determining whether the arbitrator's remedies were consistent with the terms of the collective bargaining agreement, we conclude that, in the present case, the arbitrator's award should instead be compared to the submission presented to the arbitrator. See, e.g., id., 225–26, 232 (court compared award with submission, not terms of collective bargaining agreement between parties).

Comparing the arbitrator's award in the present case to the submission that the parties presented to him, we conclude that the arbitrator exceeded his authority when he concluded that the grievant's demotion could not be extended in perpetuity and ordered his reinstatement. The first part of the submission specifically asked the arbitrator to determine whether the demotion of the grievant was for just cause. The second part asked him to determine the appropriate remedy if he concluded that the demotion was *not* for just cause. The

arbitrator concluded that the demotion was for just cause and denied the grievance. That should have completed his work. The arbitrator then proceeded, however, to determine that the demotion cannot be extended in perpetuity and that the grievant must be reinstated on certain terms. We cannot agree with the court's characterization of the arbitrator's remedy as conditioning the finding of just cause on the grievant's reinstatement. The conclusion that the demotion cannot be extended in perpetuity addresses the appropriateness or the terms of the demotion, not the cause of it.

We find particularly instructive this court's decision in *Hartford* v. *Local 760*, 6 Conn. App. 11, 14, 502 A.2d 429 (1986), which states that "[t]here is no question . . . that the award does not conform to the submission. The submission is clear on its face. By its language . . . the submission precluded the arbitrators from determining the question of remedy unless they found that the grievant was suspended without just cause. The phrase 'if not,' in the context of the submission as a whole, does not mean 'if so' which, under the circumstances of this case, would have required the arbitrators to respond to the second portion of the submission: 'what shall the remedy be?' " Id.

We agree with the court that "[t]echnical precision in making a submission is not required and submissions are given a liberal construction in furtherance of the policy of deciding disputes by arbitration . . . ." (Internal quotation marks omitted.) *Alderman & Alderman* v. *Pollack*, 100 Conn. App. 80, 83, 917 A.2d 60 (2007). We are mindful of our Supreme Court's admonition, however, that "[b]ecause [a]rbitration is a creature of contract . . . in comparing the award to the submission we have found principles of contract interpretation to be helpful tools. . . . Where the language of the contract is clear and unambiguous, the contract is to

be given effect according to its terms. A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity . . . ." (Citations omitted; internal quotation marks omitted.) *Office of Labor Relations* v. *New England Health Care Employees Union, District 1199, AFL-CIO*, supra, 288 Conn. 231–32. Article eighteen of the collective bargaining agreement in the present case conditions demotion of a permanent employee on the finding of just cause. The arbitrator was asked by both parties to determine whether the grievant was demoted for just cause and, if he found no just cause, to determine the appropriate remedy. The arbitrator, having found just cause and having denied the grievance, was without authority to address whether the terms of the demotion were appropriate or not. We therefore conclude that the court improperly concluded that the arbitrator did not exceed his authority delineated within the submission.

The judgment is reversed in part and the case is remanded with direction to grant the plaintiff's application to vacate the award with respect to the arbitrator's conclusion in part two of the award that "[the demotion of the grievant] cannot be extended in perpetuity" and with respect to part three of the award. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.