## STATE OF CONNECTICUT *v.* CONNECTICUT STATE EMPLOYEES ASSOCIATION, SEIU LOCAL 2001 (AC 29830)

Bishop, DiPentima and Lavine, Js.

Argued February 20—officially released October 20, 2009

*Thadd A. Gnocchi*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney

general, and *William J. McCullough, Thomas P. Clifford III* and *Richard T. Sponzo,* assistant attorneys general, for the appellant (plaintiff).

*Robert J. Krzys,* for the appellee (defendant).

*Opinion*

LAVINE, J. The plaintiff, the state of Connecticut, appeals from the trial court's judgment denying its application to vacate an arbitration award and granting the motion to confirm the award filed by the defendant, the Connecticut State Employees Association, SEIU Local 2001. On appeal, the plaintiff claims that the court improperly concluded that the arbitrator did not exceed or imperfectly execute his powers pursuant to General Statutes § 52-418 (a) (4).[1] We are unable to evaluate the plaintiff's claim because we conclude that the arbitrator's award is ambiguous. We accordingly reverse the court's judgment and remand the case with direction to remand the matter to the arbitrator to answer the first question in the parties' submission in the affirmative or in the negative.

The following undisputed facts and procedural history are relevant to our determination of the plaintiff's appeal. The grievant and member of the defendant, Jose Delgado, was dismissed from employment with the department of correction (department). The grievant was dismissed after he violated the department's administrative directive by allowing two inmates to make personal telephone calls from his office and receiving a gift from the family of one of the inmates. Prior to his dismissal, the grievant held the rank of

---

[1] General Statutes § 52-418 (a) provides in relevant part: "Upon the application of any party to an arbitration, the superior court . . . shall make an order vacating the award if it finds any of the following defects . . . (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

captain. After the filing of the grievance, the parties submitted the controversy to arbitration pursuant to article seventeen of their collective bargaining agreement (agreement). The parties stipulated to the issues and agreed that the following submission should be presented to the arbitrator: "1. Was the dismissal of the grievant, Jose Delgado, for just cause? 2. If not, what shall be the remedy?" The arbitrator issued the award stating: "1. The grievance is denied. 2. [The grievant] is culpable of the charges preferred against him. 3. The appropriate penalty is a reduction in rank to [correction] officer. He is to be reinstated within seven working days of the receipt of this award and is to receive no back pay for the period of his suspension."

On December 20, 2007, the plaintiff filed an application to vacate the arbitration award, which the court denied. On January 22, 2008, the defendant filed a motion to confirm the arbitration award, which the court granted. In its memorandum of decision, the court found that the submission presented to the arbitrator was unrestricted and that the award was consistent with the submission. The court employed the standard of review as set out in *Harty* v. *Cantor Fitzgerald & Co.*, 275 Conn. 72, 881 A.2d 139 (2005).[2] The court concluded that the arbitrator found that there was just cause for the grievant's dismissal but that the language of the submission nonetheless allowed the arbitrator

---

[2] The court relied on the following: "Judicial review of arbitral decisions is narrowly confined. . . . When the parties agree to arbitration and establish the authority of the arbitrator through the terms of their submission, the extent of our judicial review of the award is delineated by the scope of the parties' agreement. . . . When the scope of the submission is unrestricted, *the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission.* . . . Because we favor arbitration as a means of settling private disputes, we undertake judicial review of arbitration awards in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution." (Emphasis added; internal quotation marks omitted.) *Harty* v. *Cantor Fitzgerald & Co.*, supra, 275 Conn. 80.

to formulate a remedy. The court concluded that the arbitrator did not exceed his powers or so imperfectly execute them such that a mutual, final and definite award upon the subject matter submitted was not made. It also determined that the award was not against public policy.

On April 25, 2008, the plaintiff filed the present appeal from the court's judgment denying the plaintiff's application to vacate and granting the defendant's motion to confirm the arbitration award. At our request, the parties filed supplemental briefs on July 10, 2009, addressing the issue of whether the arbitrator's award was ambiguous.[3] Unlike the trial court, we cannot say with certainty that the arbitrator found just cause for the grievant's dismissal. We therefore conclude that the award is ambiguous. Accordingly, we reverse the court's judgment and remand the case with direction to remand the matter to the arbitrator for clarification of the award by answering the question as to whether the grievant's dismissal was for just cause in the affirmative or in the negative.

We initially note that the proper standard of review when evaluating whether the award conforms to the submission is de novo. See *Office of Labor Relations* v. *New England Health Care Employees Union, District 1199, AFL-CIO*, 288 Conn. 223, 229–30, 951 A.2d 1249 (2008). Neither party argues that the present submission is restricted, and we conclude as well that it is

---

[3] In the order to file supplemental briefs, we asked the parties to answer the following: "1. Is the arbitrator's award ambiguous? See, e.g., *Hartford Steam Boiler Inspection & Ins. Co.* v. *Underwriters at Lloyd's & Cos. Collective*, 271 Conn. 474, 857 A.2d 893 (2004), cert. denied, 544 U.S. 974, 125 S. Ct. 1826, 161 L. Ed. 2d 723 (2005); *All Seasons Services, Inc.* v. *Guildner*, 94 Conn. App. 1, 891 A.2d 97 (2006). 2. If the award is ambiguous, should the matter be remanded to the trial court with direction to remand it to the arbitrator for clarification of the award by directly answering the first question, 'Was the dismissal of the grievant, Jose Delgado, for just cause?'"

unrestricted.[4] Both parties have asked us to compare the award to the submission to determine whether, pursuant to § 52-418 (a) (4), the arbitrator exceeded his powers or so imperfectly executed them such that a mutual, final and definite award was not made. Our Supreme Court recently has reiterated: "If a party specifically contends . . . that the arbitrator's award does not conform to an unrestricted submission in violation of § 52-418 (a) (4), we engage in what we have termed in effect, de novo judicial review. . . . Our review is limited to a comparison of the award to the submission. Our inquiry generally is limited to a determination as to whether the parties have vested the arbitrators with the authority to decide the issue presented or to award the relief conferred. With respect to the latter, we have explained that as long as the arbitrator's remedies were consistent with the agreement they were within the scope of the submission." (Citation omitted; internal quotation marks omitted.) Id. Contrary to the standard of review set forth by the trial court, the proper standard to determine whether the parties vested the arbitrator with the authority to decide the issue presented and award the relief conferred is therefore de novo review.

Our determination of whether the arbitrator exceeded or imperfectly executed his powers pursuant to § 52-418 (a) (4) depends on whether the arbitrator answered the first question in the submission in the affirmative or negative. In *Hartford* v. *Local 760*, 6 Conn. App. 11, 12, 502 A.2d 429 (1986), the arbitration board was presented with the following submission: " 'Was the [g]rievant . . . suspended for just cause under the collective bargaining agreement? If not, what

---

[4] "A submission is unrestricted when . . . the parties' arbitration agreement contains no language restricting the breadth of issues, reserving explicit rights, or conditioning the award on court review." (Internal quotation marks omitted.) *Bridgeport City Supervisors' Assn.* v. *Bridgeport*, 109 Conn. App. 717, 724 n.2, 952 A.2d 1248, cert. denied, 289 Conn. 937, 958 A.2d 1244 (2008).

shall the remedy be?' " The arbitration board answered the first question raised by the submission in the affirmative, finding that the grievant was suspended for just cause but went on to decide that the period of suspension was inappropriate and reduced it. Id. This court concluded that the award did not conform to the submission because the submission precluded the arbitrators from determining the question of remedy unless they found that the grievant was suspended without just cause. Id., 14; see also *State* v. *Connecticut State Employees Assn.*, *SEIU Local 2001*, 117 Conn. App. 54, 978 A.2d 131 (2009). Therefore, if the arbitrator in the present case answered the first question in the affirmative, finding just cause for the grievant's dismissal, the award would not conform to the submission because the arbitrator would have been precluded from proceeding to the second question regarding the appropriate remedy. If, on the other hand, the arbitrator answered the first question in the negative, we would have to decide whether the remedy fashioned by the arbitrator, namely, his order to reinstate the grievant under the terms set forth in the award, amounted to exceeding or imperfectly executing his powers pursuant to § 52-418 (a) (4).

After reviewing the arbitrator's award, we conclude that it is unclear whether the arbitrator found or did not find just cause for the grievant's dismissal. "In examining arbitration awards, courts have noted that an award is ambiguous if it is susceptible to more than one interpretation." (Internal quotation marks omitted.) *All Seasons Services, Inc.* v. *Guildner*, 94 Conn. App. 1, 10, 891 A.2d 97 (2006). The award in the present case sets forth three answers to the two questions posed in the submission, and none of the answers provides a direct response to the first question raised by the submission. Contra, e.g., *East Haven* v. *AFSCME, Council 15, Local 1662*, 212 Conn. 368, 370, 561 A.2d 1388 (1989)

(arbitration award stated "grievant was not discharged for just cause" [internal quotation marks omitted]); *AFSCME, Council 4, Local 1565* v. *Dept. of Correction*, 107 Conn. App. 321, 324, 945 A.2d 494 (award stated "dismissal . . . was for just cause" [internal quotation marks omitted]), cert. granted on other grounds, 288 Conn. 913, 954 A.2d 183 (2008); *State* v. *Council 4, AFSCME*, 27 Conn. App. 635, 638, 608 A.2d 718 (1992) (arbitrator stated in award that "the circumstances of this case did not amount to just cause" for discharge). We decline the plaintiff's invitation to construe the portion of the award stating "grievance is denied" as an implicit finding of just cause because the arbitrator could have denied the grievance for other reasons, such as not according all the relief sought in the grievance.[5] We also are not persuaded that the arbitrator's finding in the award that the grievant "is culpable of the charges preferred against him" amounts to a finding of just cause. We think that an equally plausible interpretation of that statement, in light of the fact that the arbitrator proceeded to order the reinstatement of the grievant, is that, although the grievant was culpable of the charges that he allowed inmates to use his office telephone and received gifts from an inmate's family, such conduct did not justify his dismissal. We conclude that the award, because it is susceptible to more than one interpretation, is ambiguous.[6]

Because the ambiguity of the award does not permit us to determine whether the arbitrator exceeded or imperfectly executed his powers under § 52-418, we conclude that the proper remedy is to reverse the

[5] The grievance is not a part of the record before us.

[6] We note that the arbitrator's memorandum accompanying the award also does not provide a clear answer to the first question. "The memorandum of decision may . . . be examined to determine if an arbitrator has exceeded his or her authority by making an award beyond the scope of the submission." (Internal quotation marks omitted.) *Harty* v. *Cantor Fitzgerald & Co.*, supra, 275 Conn. 85 n.6.

court's judgment and remand the case with direction to remand the matter to the arbitrator for clarification of the award by directly answering the first question in the submission with a "yes" or a "no." See *Hartford Steam Boiler Inspection & Ins. Co.* v. *Underwriters at Lloyd's & Cos. Collective,* 271 Conn. 474, 486, 857 A.2d 893 (2004) ("[a] remand is proper, both at common law and under the federal law of arbitration contracts, to clarify an ambiguous award or to require the arbitrator to address an issue submitted to him but not resolved by the award" [internal quotation marks omitted]), cert. denied, 544 U.S. 974, 125 S. Ct. 1826, 161 L. Ed. 2d 723 (2005); *All Seasons Services, Inc.* v. *Guildner,* supra, 94 Conn. App. 9 n.15 (federal rule of law upholding arbitrator's authority to clarify ambiguous awards may apply to arbitration awards governed solely by Connecticut law).

The judgment is reversed and the case is remanded with direction to remand the matter to the arbitrator for clarification of the award consistent with the preceding paragraph.

In this opinion the other judges concurred.